**Rafael PEREZ, Plaintiff, Appellee,**

v.

**MARINE TRANSPORT LINES, INC. et al., Defendants, Appellants.**

No. 79–1128.

United States Court of Appeals, First Circuit.

Argued Sept. 10, 1979.

Decided Oct. 3, 1979.

Jose Antonio Fuste, Hato Rey, P. R., with whom Jimenez & Fuste, Hato Rey, P. R., was on brief, for defendants, appellants.

Harry A. Ezratty, San Juan, P. R., for plaintiff, appellee.

Before KUNZIG,** Judge, U. S. Court of Claims, CAMPBELL, Circuit Judge, and DOOLING,*** District Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Defendants appeal from the district court's judgment awarding damages to plaintiff in this personal injury action.

Plaintiff, a merchant seaman since 1961, was employed as a crew mess utility upon defendant's vessel. The function of a crew mess utility, according to plaintiff, is to take care of the crew's dining room, set the table, carry provisions from the storage areas to the pantry, and clean up after meals. A saloon mess utility performs parallel duties with respect to the officers' dining room. Plaintiff testified that the saloon mess utility's failure to perform his tasks properly—he did little more than set the table—resulted in plaintiff's being overworked; he had to make more trips with the provisions, carry heavier loads, and empty more garbage. Plaintiff's complaints to his supervisor, the Chief Steward, brought no relief.

While climbing a ladder with a thirty-five pound box one day plaintiff felt weak and experienced a pain in his chest. Later he started coughing. That evening he received some medication from the ship's medical officer, the Third Mate. A few days later plaintiff again felt unwell, complained of overwork, and told the Third Mate he thought he should be sent to a doctor. The Third Mate filled out a report, which was admitted into evidence, describing the nature of plaintiff's illness as "PAINS IN CHEST & GROIN, GENERAL WEAKNESS." Plaintiff was not relieved of his duties, however, and he continued working. Three days later when the ship

*** Of the Eastern District of New York, sitting by designation.

** Sitting by designation.

arrived in port, plaintiff departed and went to a doctor. He was diagnosed as suffering from a right inguinal hernia. The hernia was subsequently surgically repaired.

Plaintiff's testimony with respect to the nature of his duties, the inadequacy of the saloon mess utility, his being overworked, and his complaints to the Chief Steward and Third Mate was uncontradicted. Defendants' only witness was a medical expert. He testified that plaintiff's hernia was congenital in origin and that its repair four times previously by an outmoded surgical procedure guaranteed a 100% probability of a spontaneous recurrence during normal activities. He did admit, however, that going up and down stairs and carrying heavy loads would accelerate recurrence. Plaintiff's expert reported that the hernia was not of congenital origin, that it was difficult to determine whether the past surgical procedure had been adequately performed, and that recurrence "could very well [have] been caused by any kind of strenuous physical activity. . . ."

The district court concluded that the recurrence of plaintiff's hernia was "the direct consequence of the unseaworthiness of the ship and the negligence of the defendants." It found negligence in defendants' permitting plaintiff to remain overworked under the circumstances plaintiff described and unseaworthiness in the Steward's Departments' being improperly staffed. It further concluded that "[d]efendants were required to provide proper care for plaintiff and should not have required plaintiff to continue to work three additional days after defendants were made aware of plaintiff's condition of disability."

The district court's findings of fact must stand unless clearly erroneous. Here, given especially the sparseness of the defense evidence, we cannot say that the court's findings of fact were plainly wrong. This leaves only the question of possible legal error. In *Waldron v. Moore-McCormack Lines, Inc.*, 386 U.S. 724, 87 S.Ct. 1410, 18 L.Ed.2d 482 (1967), the Supreme Court found that a condition of unseaworthiness existed where a physically-taxing and potentially dangerous task was undertaken with too few men assigned. Here, while there were sufficient men to accomplish the job, one was permitted, without any apparent justification, and in the face of plaintiff's complaints to the Chief Steward, to shirk his responsibilities with the result that plaintiff had to do almost double his share of a gruelling type of work. In addition, plaintiff was forced to continue these taxing assignments even after telling his supervisors that he was suffering chest and groin pains and from general weakness. While we recognize there are limits to the unseaworthiness principle illustrated by *Waldron*, given this largely uncontradicted evidence, including the evidence that plaintiff was required to return to work even after informing his superiors that he was in pain, we think there was sufficient evidence to support the judgment. Failure to furnish proper medical care to a disabled seaman constitutes negligence. *Cortes v. Baltimore Insular Lines, Inc.*, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932). It was within the factfinder's province to conclude that failure to relieve plaintiff of at least some of his duties was not proper care and that consequently plaintiff's condition was aggravated.

*Affirmed.*